IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TIMOTHY JEFFERSON** ) <br> **#337014,** ) <br> ) <br>    **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **METROPOLITAN** ) <br> **GOVERNMENT, et al.,** ) <br> ) <br>    **Defendants** ) | NO. 3:20-cv-00145 <br><br> JUDGE CAMPBELL |

## **MEMORANDUM AND ORDER**

Plaintiff Timothy Jefferson, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) In lieu of paying the filing fee, he also filed a trust account certificate and related records, which the Court construes as an application to proceed in district court without prepaying fees and costs ("IFP application"). (Doc. No. 1 at 11–25.) The case is before the Court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I.     APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because Plaintiff's submission establishes that he currently lacks sufficient funds to pay the filing fee, his IFP application (Doc. No. 1 at 11–25) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff must still pay the $350.00 civil filing fee in installments. The administrator of the facility in which Plaintiff is currently

incarcerated, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the Trousdale Turner Correctional Center to ensure payment of the filing fee. If Plaintiff is transferred from his present place of confinement before the fee is paid in full, the custodian must ensure that a copy of this Order follows him to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.     INITIAL REVIEW OF THE COMPLAINT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and

2

"held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was the victim of a false arrest on January 10, 2000, when he was sixteen years old. (Doc. No. 1 at 1–2.) He alleges that he was taken to police headquarters and "secretly interrogated" with "third degree practices" and was "forced . . . to confess" to unspecified crimes.[1] (*Id.* at 2.) He alleges that his continued detainment thereafter was illegal because the Davidson County Juvenile Court Clerk "failed to affix the seal to the purported Juvenile Petition Document." (*Id.*) Plaintiff claims that he has thus been "illegally detained for over (20) twenty calendar years." (*Id.* at 3.) He sues the Metropolitan Government of Nashville & Davidson County, the arresting officer, and several other officials, and seeks $100,000,000. (*Id.*)

Plaintiff's claims relate directly to the validity of his confinement under a state criminal judgment and may not be presented under Section 1983 until that confinement is found to have been unlawful in another proceeding. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). A Section 1983 claim challenging the validity of a prisoner's confinement must be dismissed even where a plaintiff does not expressly seek his release. *Heck*, 512 U.S. at 489–90 (claim for damages is not cognizable). The United States Supreme Court has explained that a "prisoner's § 1983 action is

---

[1] Juvenile court documents attached to the complaint indicate that Plaintiff was accused of killing a victim in the perpetration of a robbery and unlawful possession of a handgun. (Doc. No. 1 at 7–8.) Plaintiff ultimately pleaded guilty to a reduced charge of second-degree murder and was sentenced to forty years in prison. Order, *Jefferson v. State of Tennessee*, No. 3:05-782 (M.D. Tenn. Apr. 5, 2006).

barred (absent prior invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). For Plaintiff to prevail on his claim that his incarceration is unconstitutional would necessarily invalidate his conviction and imprisonment. It is, therefore, not cognizable under Section 1983 unless and until Plaintiff succeeds in having his allegedly unlawful incarceration remedied via state proceedings, or a federal writ of habeas corpus after exhaustion of those remedies.

This Court's records make clear that Plaintiff has thus far failed to achieve such success. This Court dismissed Plaintiff's first petition for writ of habeas corpus under 28 U.S.C. § 2254 in 2006. Order, *Jefferson v. State of Tennessee*, No. 3:05-782 (M.D. Tenn. Apr. 5, 2006) (Echols, J.). Since then, the United States Court of Appeals for the Sixth Circuit has three times denied Plaintiff leave to file a second or successive Section 2254 petition. *In re: Timothy L. Jefferson*, No. 16-6157 (6th Cir. Mar. 23, 2017) (denying leave); *In re: Timothy L. Jefferson*, No. 14-6049 (6th Cir. May 28, 2015) (same); *In re: Timothy L. Jefferson*, No. 12-6085 (6th Cir. Feb. 22, 2013) (same). Plaintiff's numerous and on-going efforts to have the state courts invalidate his conviction have also been unsuccessful so far. *See*, *e.g.*, *Jefferson v. State of Tennessee*, No. M2018-01638-COA-R10-CV (Tenn. Ct. App. Sep. 12, 2018) (dismissing application for extraordinary appeal challenging juvenile court order transferring case to criminal court); *Jefferson v. State of Tennessee*, No. M2018-01286-CCA-UNK-CO (Tenn. Crim. App. Jul. 25, 2018) (denying motion for plain error review and observing that "the Appellant's case has been the subject of repeated litigation"). Plaintiff's criminal judgment and prison sentence remain standing despite his repeated efforts, and he may not effectively invalidate them in this action under Section 1983.

## III. CONCLUSION

For the reasons explained above, this matter is hereby **DISMISSED** without prejudice to Plaintiff's ability to refile upon removal of the *Heck* bar to relief, if he succeeds in having his sentence invalidated via state proceedings or a federal writ of habeas corpus.

Plaintiff's Motion for Preliminary Injunction (Doc. No. 3), which seeks his "immediate release from unlawful imprisonment," is **DENIED** as moot in light of the dismissal of this action.

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE